## C. E. Dailey v. F. T. Phillips.

1. APPEALS—*A Matter of Statutory Regulation.*—The right to appeal from the final judgment, order or decree of an inferior court to a court having jurisdiction to review the record thereof, and correct errors therein, if any appear, is purely statutory, and the appeal must be taken to that court which is given jurisdiction by the statute to hear and determine such appeal.

2. APPEAL—*From Orders of the County Court Under the Assignment Act.*—An appeal allowed by the statute from orders of the County Court under the act in relation to assignments for the benefit of creditors must be taken to the Circuit Court.

**Memorandum.**—Proceedings under the act relating to the assignment for the benefit of creditors. Appeal from the County Court of Richland County; the Hon. T. A. FRITCHEY, Judge, presiding. Heard in this court at the August term, 1893, and appeal dismissed. Opinion filed March 23, 1894.

The statement of facts is contained in the opinion of the court.

H. G. MORRIS and R. N. McCAULEY, attorneys for appellant.

J. I. MOUTRAY, attorney for appellee.

MR. JUSTICE GREEN DELIVERED THE OPINION OF THE COURT.

On October 6, 1892, the appellee sold and delivered to Miller & Adams, his entire stock of drugs, fixtures, counters, safe, bottles and other property in his store in Olney, for $1,900, of which sum said firm paid him $1,000 in cash, and for the balance gave him their two notes for $450 each, dated October 6, 1892, payable in eight and sixteen months respectively, with interest from date at six per cent.

Said notes were secured by a chattel mortgage on said drugs, fixtures, counters, safe, bottles and other property, executed by said firm on day of sale, acknowledged October 3, 1892, and recorded November 4, 1892.

From the time of the sale and delivery to Miller & Adams of said property, the firm continued the sale of the goods bought of Phillips, in the usual course of retail trade at the store in Olney, and replenished the stock from time to time with goods bought from other dealers, mixing the old and new stock together, and selling from all alike, and appropriating the proceeds to their own use. Phillips knew all this, but made no objection, nor compelled the firm to account for said proceeds. This condition of affairs continued until May 24, 1893, on which date Louis Miller and Frank E. Adams, who constituted the firm of Miller & Adams, duly executed, acknowledged and delivered their deed of assignment to C. E. Dailey, conveying to him as their assignee the entire stock of goods and fixtures in said store. This deed contained the usual provisions of a deed of assignment and was duly recorded, and on the day of its date the assignee took possession under it of all the property.

Inventory of the insolvent assets so conveyed, and a list of the names of all creditors and the amount due each, were filed in the County Court, and Dailey gave bond as assignee, which was approved.

On the same day that the deed was so executed, acknowledged and delivered, and the assignee took possession under it, said firm confessed judgment in the Circuit Court of said county in favor of one of the creditors for $535.

Execution was issued thereon *instanter*, and was placed in the hands of the deputy sheriff, who on the same day levied upon the goods then in possession of the assignee.

On the night of the same day, May 25, 1893, Phillips, the mortgagee, commenced a suit in replevin against the deputy sheriff, and Dailey, the assignee, and on the next day Coroner Miller took possession of the store and contents, under the writ of replevin, and afterward delivered the same to Phillips.

On June 3, 1893, on the petition of the assignee, the county judge issued a restraining order, ordering and directing the sheriff, deputy sheriff, Coroner Miller, attorney Phillips and Montray, or any person or persons for them, to refrain from interfering in any way with the assignee, in his management and control of said property, and that Phillips deliver the possession thereof to the assignee, to hold, and wait the future orders of the court.

Appellee, Phillips, in obedience to this order, surrendered his possession to the assignee. On June 5, 1893, appellee filed in said County Court a paper, notifying the judge thereof that all of said property belonged to him, said appellee, by virtue of the said chattel mortgage, and demanded a trial of "the rights of property in question." The trial was had July 14, 1893, and upon the hearing the court ordered that all the "fixtures, goods and chattels identified by F. E. Phillips as his property, mortgaged to him by Miller & Adams, now situated in the city drug store of the city of Olney, be returned to him, the said Phillips, assignee, to pay costs of this proceeding."

It is from this order the assignee took an appeal to this court. Appellee entered his motion here to dismiss the appeal, on the ground it should have been taken to the Circuit Court, and the disposition of this motion was reserved for further consideration, and not determined when the cause was taken. The right to appeal from the final judgment, order or decree of an inferior court to a court having jurisdiction to review the record thereof, and correct errors therein, if any appear, is purely statutory, and the appeal must be taken to that court only, which is given jurisdiction by the statute to hear and determine such appeal. Sec. 122, Chap. 37, p. 728, Starr & Curtis' Stat., provides that appeals may be taken to the Circuit Court from all final orders, judgments and decrees of the County Court, except as provided in Sec. 123 of the same act, which provides that appeals may be taken from final orders, judgments and decrees of the County Court to the Appellate and Supreme Courts, in proceedings for confirmation of special

Dailey v. Phillips.

assessments in proceedings for sale of lands for taxes and special assessments, and in all common law and attachment cases, and cases of forcible detainer, and forcible entry and detainer. These statutory provisions have been examined and applied by the Appellate and Supreme Court in cases where the same question was presented as that we are now considering. Travers v. Rogers, 16 App. Ct. Rep. 373, was a case in which Rogers, the appellee, had filed his petition in the County Court, in the matter of a bankrupt estate, claiming as his own certain personal property then in the possession of Rogers, as assignee of the insolvents, and asked for an order requiring the assignee to deliver to him the property he so claimed.

A hearing was had and an order was entered by the court, as in this case, finding said property to be the petitioner's, and directing the assignee to deliver the same to him. From this order the assignee took an appeal to the Circuit Court. Rogers appeared in that court and moved to dismiss the appeal on the ground that court had not jurisdiction. The motion was sustained and the appeal dismissed.

An appeal was taken by the assignee from this order of the Circuit Court to the Appellate Court. It was there held that the jurisdiction of County Courts, in cases of voluntary assignments for the benefit of creditors, is a special statutory jurisdiction, and that the petition filed by Rogers was an application to a court exercising this jurisdiction to release from its control and hand over to the petitioner certain of the assets claimed to be a part of the insolvent estate. That the order was not made in a common law case, and the appeal therefrom was properly taken to the Circuit Court, which court had jurisdiction, and erred in dismissing said appeal. In People v. Prendergast, 117 Ill. 588, it was held that an appeal from an order of the County Court, of the same kind in a like proceeding as in the case at bar, was properly taken to the Circuit Court; that such proceeding was not a common law case within the meaning of the statute. By the act of June 6, 1887, amending section 8 of the act to establish Appellate Courts, jurisdiction is conferred

upon said courts to hear and determine appeals from the final orders, judgments and decrees of County Courts in any suit or proceeding at law or in chancery, other than criminal cases, not misdemeanors, and cases involving a franchise or freehold, or the validity of a statute.

By this amendment we do not understand jurisdiction is given Appellate Courts to hear and determine appeals from the final order of a County Court in a case of this kind.

This was not a suit or proceeding at law or in chancery.

No process or notice was issued to any one as defendant, but an application was made, as in the cases cited, for the immediate release from the control of the court of a part of the assets of an insolvent estate, then in possession of the assignee, and delivery of them to the petitioner. Our view is supported by the authorities referred to, and no authority to the contrary has been furnished on behalf of appellant.

We feel constrained, therefore, to sustain the motion and dismiss the appeal. Appeal dismissed.